

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2005

# Caracciolo v. Bell Atl PA Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Caracciolo v. Bell Atl PA Inc" (2005). *2005 Decisions.* Paper 1477.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1477

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4472

———

FRANCES M. CARACCIOLO

Appellant

v.

BELL ATLANTIC-PENNSYLVANIA, INC.

Appellee

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 00-cv-00272J)
District Judge: Honorable Terrence F. McVerry

———

Submitted Under Third Circuit LAR 34.1(a)
Date: February 18, 2005

Before: Sloviter, Ambro and Aldisert, Circuit Judges.

(Filed:  March 4, 2005 )

———

OPINION OF THE COURT

———

ALDISERT, <u>Circuit Judge</u>.

This is an appeal by Frances M. Caracciolo from an order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of the defendant, Bell Atlantic Pennsylvania, Inc. The court held that Caracciolo was not disabled under the Americans With Disabilities Act ("ADA") 42 U.S.C. § 12101-12213 (2000). The district court determined that Caracciolo failed to establish a <u>prima facie</u> case of discrimination under the ADA because she failed to produce evidence that she is disabled within the meaning of the ADA. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The court noted that although she undeniably suffers from depression, Caracciolo has not proffered sufficient evidence to support a finding that her depression limits her in one or more major life activities. Having concluded that she failed to present evidence sufficient to raise a genuine issue of factual dispute regarding her disability, as defined by the ADA, the district court granted the motion for summary judgment. We will affirm this conclusion of the district court; therefore, we do not reach the alternative holding that accommodations sought by Caracciolo were unreasonable under the ADA.

I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

To establish a <u>prima</u> <u>facie</u> case of discrimination under the ADA, a plaintiff must show that: (i) she is a disabled person within the meaning of the ADA; (ii) she is a qualified individual with a disability in that she can perform the essential functions of the job, with or without reasonable accommodation; and (iii) she suffered an adverse employment decision. <u>Shaner v. Synthes</u>, 204 F.3d 494, 500 (3d Cir. 2000). Under the ADA, a disability is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). In defining when an impaired person is substantially limited, the Supreme Court has explained that the standard to be used is whether the impairment "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." <u>Toyota Motor v. Williams</u>, 534 U.S. 184, 198 (2002).

Here, Caracciolo does not challenge most of the district court's determinations about her claimed limitations. She only asserts that she was limited in the ability to perform a large class of jobs and that she was impaired in the major life activity of interacting socially with others. Because these are the only inabilities raised on appeal, we limit our discussion accordingly. <u>See</u> Rule 28(a)(5), Federal Rules of Appellate Procedure; Third Circuit Local Appellate Rule 28.1(a); <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 182 (3d Cir. 1993).

## III.

Initially, we note Caracciolo's argument that her abilities should not be considered solely at the time she was requesting a return to work but rather should be considered for a longer span of time. Specifically, she argues that we should consider her substantially lower level of function during the one year period before her request to return to work and the period immediately after the refusal of that request. Caracciolo's attempt to read Taylor v. Phoenixville School District, 184 F.3d 296 (3d Cir. 1999), as a support for this argument is unavailing.

We ruled in Taylor that the Plaintiff must show that she was substantially limited during the year-long "time span when she says that she was denied reasonable accommodations" that she had requested. 184 F.3d at 308. We concluded that the Plaintiff was disabled during this time span notwithstanding the fact that she was taking medication to deal with her mental health issues because "even though lithium has improved her condition and has reduced the risk of full-blown psychotic episodes, the drug has not perfectly controlled her symptoms, leaving her still substantially limited in the ability to think." Id.  It is evident, therefore, that the holding in Taylor depended on the possibility that the Plaintiff was substantially limited in a major life activity during the time period accommodations had been requested but not provided. See Marinelli v. City of Erie, Pa., 216 F.3d 354, 362 (3d Cir. 2000) (drawing the same conclusion about the holding in Taylor).

A broader holding that took into account periods of time before the

4

accommodation had been sought would not have been consistent with <u>Sutton v. United Airlines</u>, 527 U.S. 471 (1999), where the Court noted that the term "substantially limits" appears in the statute in "the present indicative verb form." 527 U.S. at 482. The Court concluded that the ADA requires "that a person be presently. . . substantially limited in order to demonstrate disability." <u>Id.</u> We therefore decide that the district court was correct in considering only whether Caracciolo was disabled at the time she sought to return to work with accommodations.

When the correct legal standard is applied, it becomes evident that Caracciolo was not substantially limited in her ability to work or her ability to interact socially for purposes of the ADA.

IV.

In <u>Marinelli</u>, we were faced with a claim that the Plaintiff was substantially limited in the ability to work because he was not able to operate large snow plows. We explained that "in order for one to be properly characterized as substantially limited under the ADA, an individual must be unable 'to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.'" <u>Marinelli</u>, 216 F.3d at 364 (quoting 29 C.F.R. § 1630.2(j)(3)(i)). We concluded that Marinelli's claimed limitation was "far removed from being unable to perform a 'broad range of jobs' as the EEOC regulations require." <u>Id.</u> at 365.

Similar to the situation in <u>Marinelli</u>, Caracciolo has not succeeded in alleging an inability to perform a broad range of jobs. Specifically, she testified that she could not perform her former maintenance administrator job or a telephone operator job, but "any other job I could have handled." These are two very specific jobs at a specific company. By alleging only that she should not perform these particular jobs, Caracciolo falls well short of our requirements for proving substantial limitation in the ability to work under the ADA.

V.

As to Caracciolo's second appealed limitation, that she is substantially limited in the area of social interaction, we have almost no evidence in the record concerning this claimed limitation. There is evidence that she was alienated from many of her friends for a time but also that before she sought to return to work, she had restored some of those friendships. We also have the representation in her brief that she cannot tolerate "angry, irate or strongly negative communications." Even assuming this assertion can be supported by the record, it does not rise to the level of substantial limitation under the ADA. We are not aware of any case that would support Caracciolo's position on this issue, and no case has been cited to support this position in her brief. The Court of Appeals for the Tenth Circuit recently determined that to assert substantial limitation in social interaction a plaintiff must "show that [her] relations with others were characterized on a regular basis by severe problems, for example, consistently high levels

of hostility, social withdrawal, or failure to communicate when necessary." <u>Doyal v. Oklahoma Heart, Inc.</u>, 213 F.3d 492, 499 (10th Cir. 2000) (quoting <u>EEOC Guidance on Psychiatric Disabilities and the Americans with Disabilities Act</u>, E-4 (1997)). There is no evidence in this record that even approaches what would be required to meet this standard. We have no problem, therefore, concluding that the evidence cannot support a finding of substantial limitation in the area of social interaction under the ADA.

## VI.

Having concluded that Caracciolo is not substantially limited in either of the two major life activities which she chose to argue on appeal, we do not reach her contention that Bell Atlantic failed to reasonably accommodate her. <u>Buskirk v. Apollo Metals</u>, 307 F.3d 160, 169 n. 2 (3d Cir. 1997) (assuming that the duty to accommodate arises only if the employee is determined to be a disabled individual under the ADA, or possibly, as the Court of Appeals for the First Circuit has held, if the employee has succeeded in bringing an ADA claim based on an employer's perception that the employee is disabled).

\* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.

———